{¶ 37} I respectfully dissent because the record below is very troublesome. This is readily apparent after reviewing and considering the dialogue between the Appellant, his counsel and the court regarding the legal representation of the Appellant. The record reveals the Appellant told the court about his displeasure with his retained counsel and his desire to fire him. He specifically stated that "Counsel has failed to represent me." He went on to say "I'm asking you to let me hire another counsel." The Court responded by saying, among other things, "you're not going to have a right to hire other counsel."
 {¶ 38} After this exchange between the Appellant and the Court, his retained counsel stated: "Your Honor, I can't, I cannot represent himwhen he's saying this. What's quite clear here is I am representing himand I have been trying to do a good job. And after he makes a statementlike that I don't even want to help him. Alright?" (Emphasis added.)
 {¶ 39} In my view, it was an abuse of discretion for the trial court to proceed with the jury trial after this alarming statement from counsel. Any jurist hearing such a statement should be very concerned about the impact it has on the Appellant's subjective belief about his legal representation and the fairness of the proceedings. The record, at a minimum, shows a significant conflict between counsel and the Appellant that was left unresolved.
 {¶ 40} As such, the trial court should have continued the trial and permitted Appellant the opportunity to seek other counsel or proceed pro se. In hearing these *Page 13 
statements by counsel, yet requiring the same counsel to remain at the trial, the court below tainted the process and acted unreasonably.
 {¶ 41} I realize it can be very frustrating to a trial court when an accused acts the way the Appellant did in the proceeding below. However, that frustration should yield to the greater interest of providing equal justice under the law, particularly when an accused hears his attorney does not want to help him.
 {¶ 42} Accordingly, I dissent. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Dissents with Dissenting Opinion. Abele, J.: Concurs in Judgment and Opinion. *Page 1